# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1206

_____

Daniel Benjamin Soto-Roque

*Petitioner*

v.

Eric H. Holder, Jr., Attorney General of the United States

*Respondent*

_____

Petition for Review of a Final Order of the
Board of Immigration Appeals

_____

Submitted: September 20, 2012
Filed: November 30, 2012
[Unpublished]

_____

Before MELLOY and BENTON, Circuit Judges, and BAKER,[1] District Judge.

_____

BAKER, District Judge.

Daniel Soto-Roque petitions for review of the Board of Immigration Appeals'
(BIA) decision affirming the Immigration Judge's (IJ) denial of Mr. Soto-Roque's

_____

[1]The Honorable Kristine G. Baker, United States District Judge for the Eastern
District of Arkansas, sitting by designation.

application for cancellation of removal under the Immigration and Nationality Act ("INA") § 240A(b), 8 U.S.C. § 1229b(b). This Court's jurisdiction is governed by INA § 242, 8 U.S.C. § 1252, as amended by the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B., 119 Stat. 231 (May 11, 2005), which confers exclusive jurisdiction upon the courts of appeals for review of all final removal orders. This Court denies the petition.

Mr. Soto-Roque, a native and citizen of Mexico, first entered the United States in 1994 without admission or parole. Although he estimates the number of incidents and disputes when they occurred, he admits he has been apprehended and returned to the border several times since his first entry into the United States in 1994. On August 1, 2007, the Department of Homeland Security initiated removal proceedings, issuing a Notice to Appear and charging him with removability as an alien present in the United States without admission or parole. See INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i). At a preliminary removal hearing, Mr. Soto-Roque admitted the facts alleged but sought cancellation of removal under INA § 240A(b), 8 U.S.C. § 1229b(b), and voluntary departure in the alternative under INA § 240B(b), 8 U.S.C. § 1229c(b). The IJ denied Mr. Soto-Roque's application for cancellation of removal and ordered Mr. Soto-Roque removed from the United States to Mexico. Mr. Soto-Roque appealed to the BIA, which dismissed his appeal on December 22, 2009, but remanded the case to the IJ for him to issue required advisals in his decision. On remand, before the IJ, Mr. Soto-Roque made an oral motion to admit new evidence in connection with his application for cancellation of removal. The IJ refused to allow this motion. Mr. Soto-Roque appealed this ruling to the BIA, which dismissed it on December 28, 2011. The BIA denied cancellation of removal and granted Mr. Soto-Roque's request for voluntary departure.

Mr. Soto-Roque appeals the BIA's order denying his application for cancellation of removal, arguing a violation of his due process rights and a misapplication of law.[2]

An applicant for cancellation of removal must meet all four eligibility requirements set forth in 8 U.S.C. § 1229b(b)(1), which states:

> The Attorney General may cancel removal of, and adjust to the status of an alien lawfully admitted for permanent residence, an alien who is inadmissible or deportable from the United States if the alien-
>
> (A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application;
>
> (B) has been a person of good moral character during such period;
>
> (C) has not been convicted of an offense under section 1182(a)(2), 1227(a)(2), or 1227(a)(3) of this title, subject to paragraph (5); and
>
> (D) establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen

---

[2]Mr. Soto-Roque does not address the BIA's voluntary departure determination in this appeal. He refers in his Petition to "Agency" decisions, referring collectively to the BIA and IJ as the Agency. "Only the BIA order is subject to our review, including the IJ's finding and reasonings to the extent they were expressly adopted by the BIA." Fofanah v. Gonzales, 447 F.3d 1037, 1040 (8th Cir. 2006).

of the United States or an alien lawfully admitted for permanent residence.

The decision to grant cancellation of removal is a discretionary act by the Attorney General which this Court may not review. 8 U.S.C. § 1252(a)(2)(B); Gomez-Perez v. Holder, 569 F.3d 370, 372 (8th Cir. 2009). We retain jurisdiction to review constitutional claims or questions of law. 8 U.S.C. § 1252(a)(2)(D); Guled v. Mukasey, 515 F.3d 872, 880 (8th Cir. 2008). We also possess jurisdiction to "review the nondiscretionary determinations underlying a denial of an application for cancellation of removal, 'such as the predicate legal question whether the IJ properly applied the law to the facts in determining an individual's eligiblity.'" Pinos-Gonzalez v. Mukasey, 519 F.3d 436, 439 (8th Cir. 2008) (quoting Guled, 515 F.3d at 880). We have cautioned "that a petitioner may not create jurisdiction by cloaking an abuse of discretion argument in constitutional or legal garb." Garcia-Torres v. Holder, 660 F.3d 333, 338 (8th Cir. 2011) (internal citations and quotation marks omitted).

The BIA affirmed the IJ and determined that Mr. Soto-Roque failed to satisfy two of the requirements of 8 U.S.C. § 1229b(b)(1). Specifically, the BIA determined that he failed to satisfy the requirements that he be physically present in the country for a continuous period of ten years and that he establish that removal would result in exceptional and extremely unusual hardship to a qualifying person.

Mr. Soto-Roque argues that the BIA committed reversible legal error and violated his right to due process in failing to follow precedent and in applying an incorrect legal standard for determining whether his children and parents would suffer exceptional and extremely unusual hardship if he were removed. Specifically, he maintains the BIA weighed his parents' failure to petition for his entry as a negative factor when his ineligibility for legal entry should have been positive. He alleges the

-4-

IJ and BIA failed to consider hardship factors regarding his parents and two daughters that have been considered in other BIA decisions. He also alleges the BIA should have considered that Mexico is a violent place, and he alleges that this factor increases the hardship that his daughters will face if removed to Mexico. He also argues that the BIA failed to aggregate the factors. In addition, Mr. Soto-Roque alleges that the BIA committed reversible legal error by failing to apply the correct legal standard to the requirement that he be physically present in the country for a continuous period of ten years. He also asserts that the BIA erred as a matter of law and violated his right to due process under the Fifth Amendment by refusing to allow him to present new evidence relevant to his case on remand. He concedes that his proffer of new evidence pertained primarily to his continuous physical presence in the United States, but he maintains that such evidence also would have impacted his credibility and in that way affected the IJ's hardship finding as well.

The Government contends that Mr. Soto-Roque seeks to evade the prohibition against appellate review of the BIA's discretionary decision to deny cancellation by recasting his evidentiary arguments as constitutional and legal ones. This Court agrees.

We address first Mr. Soto-Roque's challenges to the hardship determination, including his arguments regarding his parents' failure to petition for his entry and his ineligibility for legal entry, certain hardship factors regarding his parents and two daughters, and the conditions in Mexico. Despite Mr. Soto-Roque's characterization of these challenges to the BIA's hardship determination as constitutional claims or questions of law, when properly cast, his challenges are that the BIA failed to consider or weigh certain factors properly in its hardship determination. Whether the BIA "improperly weighed the factors in the proper balancing test" does not present a question of law; it "really challenges the discretionary conclusion of the BIA." Solis v. Holder, 647 F.3d 831, 833 (8th Cir. 2011). The argument that the IJ and BIA applied an incorrect legal standard by failing to consider adequately certain factors

-5-

that have been considered in other BIA decisions is a challenge to the discretionary conclusion of not meriting a favorable exercise of discretion and "is precisely the discretionary determination that Congress shielded from our review." Gomez-Perez, 569 F.3d at 373 (quoting Meraz-Reyes v. Gonzales, 436 F.3d 842, 843 (8th Cir. 2006) (per curiam)).

Mr. Soto-Roque also cannot establish this Court's jurisdiction by claiming the BIA commits legal error by failing to account for the cumulative effect of the hardships presented. Garcia-Torres, 660 F.3d at 338. A failure to account for the cumulative effect of the hardships presented "actually constitutes a discretionary decision barred from appellate review," not an incorrect legal standard as Mr. Soto-Roque contends. Id.

Mr. Soto-Roque cannot state a claim for a violation of due process rights based on the hardship determination. Cancellation of removal is a discretionary remedy over which the executive branch has unfettered discretion. Guled, 515 F.3d at 880 (citing INS v. Yang, 519 U.S. 26, 30, 117 S.Ct. 350, 136 L.Ed.2d 288 (1996)). "Because adjustment of status amounts to a power to dispense mercy, an alien can have no constitutionally protected liberty interest in such speculative relief and cannot state a claim for a violation of due process rights." Guled, 515 F.3d at 880 (citing Etchu-Njang v. Gonzales, 403 F.3d 577, 585 (8th Cir. 2005); Nativi-Gomez v. Ashcroft, 344 F.3d 805, 808 (8th Cir. 2003)). "The failure to receive discretionary adjustment-of-status relief does not constitute the deprivation of a constitutionally-protected liberty interest." Nativi-Gomez, 344 F.3d at 808.

We next address Mr. Soto-Roque's Fifth Amendment due process challenge to the BIA's refusal to permit him to proffer new evidence relevant to his case on remand. Mr. Soto-Roque concedes the proffered evidence is related primarily to his continuous physical presence but argues it would have impacted his overall credibility and, therefore, impacted the hardship determination. However, the BIA

denied Mr. Soto-Roque's request for cancellation of removal based on his failure to establish either continuous physical presence or exceptional and extremely unusual hardship specifically because Mr. Soto-Roque failed to meet his burden of proof, not because of a lack of credibility. Mr. Soto-Roque has no constitutionally protected liberty or property interest in the discretionary relief of cancellation of removal, and he cannot establish a due process right in the proceedings to obtain that relief. Pinos-Gonzalez, 519 F.3d at 441.

Mr. Soto-Roque must meet all requirements under 8 U.S.C. § 1229b(b)(1). Because we lack jurisdiction to review the BIA's determination that Mr. Soto-Roque failed to satisfy the requirement that he establish that removal would result in exceptional and extremely unusual hardship to a qualifying person, we need not reach the merits of Mr. Soto-Roque's remaining arguments.

This Court is statutorily barred from reviewing the BIA's discretionary conclusion to deny cancellation of removal, and Mr. Soto-Roque has not identified a constitutional claim or legal question that permits the Court to retain jurisdiction.

For these reasons, we deny Mr. Soto-Roque's petition for review.

———————————————————