# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3648

_____

Joe Melvyn Estrada-Ramos

*Petitioner*

v.

Loretta E. Lynch, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: September 19, 2016
Filed: November 14, 2016
[Unpublished]

_____

Before RILEY, Chief Judge, MURPHY and SMITH, Circuit Judges.

_____

PER CURIAM.

Joe Melvyn Estrada-Ramos, a native and citizen of Guatemala, conceded removability but petitioned for asylum under 8 U.S.C. § 1158(a)(1), withholding of removal under 8 U.S.C. § 1231(b)(3)(A), and protection under the Convention Against Torture (CAT) pursuant to 8 C.F.R. § 1208.16(c). The Immigration Judge

denied his petition on all three grounds. The Board of Immigration Appeals (BIA) dismissed Estrada-Ramos's appeal. We deny his petition for review.

After careful review of the record, we conclude that substantial evidence supports the BIA's denial of asylum. *See Matul-Hernandez v. Holder*, 685 F.3d 707, 711 (8th Cir. 2012) (explaining that the Attorney General has discretion to grant asylum when an applicant demonstrates past persecution or a well-founded fear of future persecution based on race, nationality, religion, political opinion, or membership in a particular social group); *Sow v. Mukasey*, 546 F.3d 953, 956 (8th Cir. 2008) (reviewing BIA's denial of asylum for substantial evidence). Estrada-Ramos's evidence is not "so compelling 'that no reasonable fact finder could fail to find the requisite fear of persecution.'" *See Karim v. Holder*, 596 F.3d 893, 897 (8th Cir. 2010) (quoting *Cooke v. Mukasey*, 538 F.3d 899, 904 (8th Cir. 2008)). Because Estrada-Ramos failed to demonstrate eligibility for asylum, his petition for withholding of removal necessarily fails as well. *See Guled v. Mukasey*, 515 F.3d 872, 881 (8th Cir. 2008). Estrada-Ramos's petition for protection under CAT likewise fails because it relies on the same factual basis as his asylum claim. *See Gitimu v. Holder*, 581 F.3d 769, 774 (8th Cir. 2009) (holding that when a petitioner's request for relief under CAT is based on the same factual basis as his asylum claim, it must meet a more demanding burden of proof than the asylum claim); *Guled*, 515 F.3d at 882 (noting that a separate analysis under CAT is required only when there is evidence that the petitioner may be tortured for reasons unrelated to his claims for asylum and withholding of removal).

Accordingly, we deny the petition for review.

_____