# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 21-1513

———————————————

Martha Alicia Martin-Tzoc

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*

————————

Petition for Review of an Order of the
Board of Immigration Appeals

————————

Submitted: September 24, 2021
Filed: September 29, 2021
[Unpublished]

————————

Before LOKEN, BENTON, and KOBES, Circuit Judges.

————————

PER CURIAM.

Guatemalan citizen Martha Alicia Martin-Tzoc petitions for review of an order of the Board of Immigration Appeals, which dismissed her appeal from the decision of an immigration judge denying her asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Having jurisdiction under 8 U.S.C. § 1252, this court denies the petition.

This court concludes that Martin-Tzoc's challenge to the agency's jurisdiction over her removal proceedings is foreclosed by this court's precedent. *See Ali v. Barr*, 924 F.3d 983, 985-86 (8th Cir. 2019); *see also Tino v. Garland*, No. 20-3508, 2021 WL 4256185, at *1 & n.2 (8th Cir. Sept. 20, 2021) (per curiam). Substantial evidence supports the agency's determination that Martin-Tzoc was not entitled to asylum because she did not show that she was unable or unwilling to return to Guatemala due to past persecution or a well-founded fear of future persecution on account of a protected ground. *See Menjivar v. Gonzales*, 416 F.3d 918, 920 (8th Cir. 2005), *as corrected* (Sept. 21, 2005) (asylum eligibility requirements); *De Castro-Gutierrez v. Holder*, 713 F.3d 375, 379 (8th Cir. 2013) (standard of review). Substantial evidence also supports the agency's denial of withholding of removal and CAT relief. *See Guled v. Mukasey*, 515 F.3d 872, 881-82 (8th Cir. 2008) (applicant who does not meet standard for asylum cannot meet more rigorous standard for withholding of removal; separate analysis for CAT claim is not required when there is no evidence alien may be tortured for reasons unrelated to claims for asylum and withholding of removal).

The petition is denied. *See* 8th Cir. R. 47B.

_____