# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-1411
_____

Maria Ramos Tino; A.O.R.; B.J.T.R.,

*Petitioners,*

v.

Merrick B. Garland, Attorney General of the United States,

*Respondent.*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: October 1, 2021
Filed: October 6, 2021
[Unpublished]
_____

Before COLLOTON, GRUENDER, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Guatemalan citizen Maria Ramos Tino, individually and on behalf of her minor
children, A.O.R. and B.J.T.R., petitions for review of an order of the Board of
Immigration Appeals. The Board dismissed her appeal from the decision of an

immigration judge denying her claims for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[*]

Upon careful consideration, we conclude that Ramos Tino's challenge to the agency's jurisdiction over her removal proceedings is foreclosed by this court's precedent. *See Ali v. Barr*, 924 F.3d 983, 985-86 (8th Cir. 2019); *see also Tino v. Garland*, No. 20-3508, 2021 WL 4256185, at *1 & n.2 (8th Cir. Sept. 20, 2021) (per curiam). We further conclude that substantial evidence supports the agency's determination that Ramos Tino was not entitled to asylum, because she did not show that she was unable or unwilling to return to Guatemala due to past persecution, or a well-founded fear of future persecution, on account of a protected ground. *See Menjivar v. Gonzales*, 416 F.3d 918, 920 (8th Cir. 2005). It follows that substantial evidence also supports the agency's denial of withholding of removal and CAT relief. *See Guled v. Mukasey*, 515 F.3d 872, 881-82 (8th Cir. 2008).

The petition is therefore denied. *See* 8th Cir. R. 47B.

_____

---

[*]Because A.O.R.'s and B.J.T.R.'s asylum applications are derivative of their mother's (and there are no derivative benefits associated with withholding of removal or CAT protection), the opinion refers only to Ramos Tino. *See* 8 U.S.C. § 1158(b)(3)(A) (child also may be granted asylum if accompanying principal alien was granted asylum); *Fuentes v. Barr*, 969 F.3d 865, 868 n.1 (8th Cir. 2020).