# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-3575

_____

Alberto Dominguez Hernandez

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: December 13, 2021
Filed: March 18, 2022

_____

Before BENTON, KELLY, and ERICKSON, Circuit Judges.

_____

ERICKSON, Circuit Judge.

Alberto Dominguez Hernandez petitions for review of the Board of Immigration Appeals' ("BIA") denial of his application for cancellation of removal. He asserts the BIA committed three errors in upholding the Immigration Judge's ("IJ") good moral character determination: (1) it applied the wrong standard of review; (2) it failed to consider the arguments he raised; and (3) it did not provide a reasoned basis sufficient for appellate court review. Hernandez also asserts the BIA

abused its discretion when it denied his motion to remand to introduce additional evidence. While the BIA's decision is superficial and mechanical and was dispatched with a level of brevity that we do not condone and may not accept in the future, we find no error warranting remand under the particular circumstances of this case.

## I.    BACKGROUND

Hernandez, a native and citizen of Mexico, arrived in the United States in December 1997. He is 41 years old, married, and the father of three children. Before being detained, he lived with his wife and children in Rock Valley, Iowa. To support the family, Hernandez worked at Wolfswindel Dairy milking cows and administering medication to them. Hernandez and his family were actively involved in their church: helping with chores, providing financial contributions, and participating in fundraising activities.

While in the United States, Hernandez has been arrested twice. Once in 2007, after Hernandez got into a fistfight when one of the individuals he was drinking alcohol with, insulted his wife. Hernandez successfully completed a one-year probationary term for that offense. The second incident is what led to the commencement of these removal proceedings.

On December 23, 2019, Hernandez got into an argument with his wife because he had agreed to pick up a shift at work over the holidays. After the discussion, he went to his wife's cousin's house where he consumed tequila. While in an intoxicated state, Hernandez, who did not have a valid driver's license, stole a relative's vehicle, drove it for approximately a mile before rolling it and rendering it inoperable. No other vehicle or property was involved. Hernandez was picked up at the accident scene by unknown individuals and driven to his house. Once at his house, he vomited resulting in an ambulance being summoned. After the ambulance was called, law enforcement got involved. Hernandez's blood alcohol concentration was determined to be .226. Hernandez was charged with operating a motor vehicle

-2-

without the owner's consent and operating a vehicle while intoxicated. These charges remain pending.

Hernandez asserted during the removal hearing that alcohol consumption was out of character for him and expressed remorse for his actions. He submitted numerous letters of support from family and community members attesting to his good moral character. There was also evidence about the medical, emotional, and financial issues that Hernandez's removal from the United States posed to his family. Hernandez's wife testified that she and the children planned to remain in the United States, even if Hernandez was removed. The IJ noted Hernandez's many positive factors that would weigh in his favor, including his lengthy residence in the United States, steady employment, stable residence, financial and emotional support he provides to his family, and the many years in which he filed federal income taxes. In weighing all the factors, the IJ found the positive equities, however, did not outweigh the severity of the pending alcohol-related offenses. The IJ did not analyze whether Hernandez's children would experience "exceptional and extremely unusual hardship" if Hernandez was removed from the United States.

On appeal to the BIA, Hernandez argued that the case should be remanded because the IJ's good moral character determination was factually flawed and misapplied the law by placing too much weight on whether Hernandez had shown rehabilitation since the offense and by failing to consider that a single lapse in judgment over a 10-year period should not outweigh all the positive conduct during the requisite 10-year period. Hernandez also asserted that the IJ erred by not addressing the fourth factor for cancellation of removal—exceptional and extremely unusual hardship to his United States children.

The BIA noted in its decision that it was reviewing the IJ's findings of fact for clear error and reviewing *de novo* all other issues and questions of law, discretion, and judgment. The BIA affirmed the IJ's good moral determination, finding the IJ applied the appropriate legal standard and exercised her discretion when balancing the positive and negative factors. Hernandez's motion to remand to introduce

additional mental health treatment records, family support letters, and a chemical dependency evaluation was denied on the ground that the documents were cumulative of evidence already in the record and not likely to change the outcome. This appeal followed.

## II.    DISCUSSION

Hernandez seeks remand asserting several alleged deficiencies in the BIA's decision, including application of the incorrect standard of review, failure to address the arguments he raised in his brief, the lack of a reasoned basis for its decision, and failure to address the hardship factor.

Aliens in removal proceedings may, under certain enumerated circumstances, be eligible for a "discretionary form of relief called cancellation of removal." Ali v. Barr, 924 F.3d 983, 985 (8th Cir. 2019). As noted in the immigration proceedings, in order to qualify, Hernandez must show: (1) continuous physical presence in the United States for at least 10 years; (2) good moral character; (3) he has not been convicted of certain crimes; and (4) his "removal would result in exceptional and extremely unusual hardship" to a qualifying relative. 8 U.S.C. § 1229b(b)(1). Both the BIA and the IJ concluded that Hernandez was ineligible for cancellation of removal because he lacked good moral character. Neither addressed the hardship factor.

Generally, we lack jurisdiction to review the BIA's discretionary decision to deny cancellation of removal. Rodriguez v. Barr, 952 F.3d 984, 989 (8th Cir. 2020). "We may, however, review constitutional claims or questions of law." Id. (citing 8 U.S.C. § 1252(a)(2)(D)). In addition, we have jurisdiction to review the BIA's finding on moral character because it is a matter of applying the law to the facts. Ikenokwalu-White v. I.N.S., 316 F.3d 798, 803 (8th Cir. 2003). In making a moral character determination, consideration may be given to expunged convictions as well as past conduct that predates the statutorily prescribed period for which good moral character must be established. Id.

While the BIA's decision is no model of clarity and is disappointingly conclusory, it recited the appropriate standards of review. We have no reason to conclude that the BIA did not follow these standards and review the IJ's findings of fact for clear error and ultimate legal determination of good moral character *de novo*. It certainly would have been preferable for the BIA to provide additional detail about its assessment of the factors; however, the factors were not in dispute, and we will not read into the decision "a strained interpretation" to find error. See Lemus-Arita v. Sessions, 854 F.3d 476, 481 (8th Cir. 2017); see also Trinidad-Alvarado v. Barr, 838 F. App'x 203, 204 (8th Cir. 2020).

When reviewing immigration cases, we have explained that "the BIA must consider the issues raised and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted" but "it is not necessary for the BIA to list every possible positive and negative factor in its decision." Kanagu v. Holder, 781 F.3d 912, 918 (8th Cir. 2015) (cleaned up). The BIA is entitled to a presumption of regularity. Id. While acknowledging these principles that have developed over time, the BIA has perhaps received from the courts more deferential review than it is due. Admittedly, while there may be some removal cases that can be decided by the BIA with relative ease, the BIA must resist the temptation to summarily dismiss (or worse yet ignore) an alien's claims and arguments as though they are nothing more than routine.

While there have been some cases where this Court has found the BIA's cursory decision cannot stand despite the deferential review it is generally entitled to receive, this case survives deferential review, although barely. Hernandez bears the burden of showing good moral character. See Kimm v. Rosenberg, 363 U.S. 405, 406-08 (1960); Ikenokwalu-White, 316 F.3d at 806. The good moral character determination may be informed by evidence of past misconduct and current misconduct. Hernandez had a prior alcohol-related offense. Hernandez has not received chemical dependency treatment because he does not believe he is an alcoholic since he rarely drinks. The pending state charges related to the theft and

destruction of a relative's vehicle while intoxicated, even though Hernandez did not have a valid driver's license, are egregious and posed a serious risk of public safety. The record contains evidence of more than a single lapse in judgment. The evidence in the record is sufficient to offset the positive factors Hernandez presented. The IJ's factual determination, which was upheld by the BIA, that Hernandez failed to establish good moral character was supported by substantial evidence and we affirm the BIA's legal determination that he was not eligible for cancellation of removal. See Ikenokwalu-White, 316 F.3d at 805-06 (affirming the BIA's decision that alien had not established good moral character and was not eligible for cancellation of removal after careful review of the record).

Under the conjunctive language of 8 U.S.C. § 1229b(b)(1), Hernandez must satisfy all four prerequisites for cancellation of removal. Soto-Roque v. Holder, 494 F. App'x 680, 681 (8th Cir. 2012). The lack of good moral character finding is dispositive. The BIA did not err by not also addressing the hardship factor. See I.N.S. v. Bagamasbad, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Hernandez's final claim that the BIA failed to provide a reasoned basis for denying his motion to remand is belied by the record. The BIA found the additional evidence Hernandez sought to introduce was cumulative and would not likely change the outcome. We find no abuse of discretion in the denial of Hernandez's motion to remand for consideration of additional evidence. Robles v. Garland, 23 F.4th 1061 (8th Cir. 2022) (finding no abuse of discretion in denying motion to reopen when BIA concluded the additional evidence would not likely change the result in the case—denial of cancellation of removal).

## III.    CONCLUSION

For the foregoing reasons, we deny Hernandez's request to vacate and remand the BIA's good moral character determination.  The petition for review of the BIA's denial of Hernandez's application for cancellation of removal is denied.

KELLY, Circuit Judge, dissenting.

We require that the BIA "consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted."  Malonga v. Holder, 621 F.3d 757, 764 (8th Cir. 2010) (quoting Barragan-Verduzco v. I.N.S., 777 F.2d 424, 426 (8th Cir. 1985)).

In his appeal to the BIA, Hernandez argued that the IJ erred in concluding that his actions on December 23, 2019, outweighed the evidence submitted in support of his good moral character: letters of support from his community; his otherwise clean record in the preceding ten years; his consistent payment of taxes; testimony by Hernandez and his wife that he does not drink regularly, they do not keep alcohol in the home, and the events of December 23 were a "single lapse of judgment"; and his expressions of remorse.  Hernandez also specifically challenged the weight the IJ gave to her conclusion that he had not shown "rehabilitation" after his drunk-driving offense, highlighting the evidence that Hernandez rarely drinks and pointing out that he had been detained in the interim and therefore limited in his ability to seek treatment.

In its order affirming the IJ, the BIA offered only three sentences on the question of good moral character:

> Next, we affirm the Immigration Judge's determination that the respondent did not establish his eligibility for cancellation of removal or voluntary departure because he did not establish good moral character for the requisite periods. . . . The decision reflects that the Immigration Judge applied the correct legal standard and balanced the

-7-

positive versus negative factors in making the discretionary denial in this case (IJ at 11-15). The Immigration Judge correctly determined that the presumption against good moral character set forth in *Matter of Castillo-Perez* . . . is inapplicable in this case.

In my opinion, this statement is not sufficient to persuade this court that the BIA "heard and thought" about Hernandez's arguments on appeal, nor does it provide any reasoning for us to review. The BIA observes that the IJ "balanced the positive versus negative factors." But the outcome of that balancing is exactly what Hernandez challenged, and the BIA offers no indication that it reviewed the IJ's balancing in light of Hernandez's arguments. Hernandez also objected to the IJ's emphasis on his lack of "rehabilitation," but the BIA's opinion doesn't address this argument at all. And while the BIA cites to Matter of Castillo-Perez, Hernandez did not argue that the IJ improperly applied a presumption against good moral character; this reference does not engage with Hernandez's argument about what he characterized as his "single lapse."

In fact, it's not even clear from the opinion whether the BIA followed its own regulations and applied the appropriate standard of review. The opinion recites the correct standards—clear error for findings of fact and de novo for questions of law, discretion, and judgment pursuant to 8 C.F.R. § 1003.1(d)(3)—but there is no indication of which standard of review the BIA applied in addressing Hernandez's specific objections. In my view, we cannot simply assume that the BIA applied the appropriate standard when its opinion contains nothing on which to base that assumption.

This is especially true here because, as the majority notes, the BIA reviews the IJ's judgment of moral character de novo. See Urrutia Robles v. Barr, 940 F.3d 420, 422 (8th Cir. 2019) (affirming the BIA's reversal of an IJ decision granting cancellation of removal where the BIA "weighed and evaluated that evidence and came to a different conclusion regarding exercise of the Attorney General's discretion, an issue the BIA reviews de novo under 8 C.F.R § 1003.1(d)(3)"); see also Palaguachi v. Whitaker, 755 F. App'x 81, 84 (2d Cir. 2018) (affirming the BIA's

-8-

reversal of the IJ's finding of good moral character because "the BIA did not engage in new fact finding; it simply reassessed the weight of Palaguachi's undisputed criminal history" as it was entitled to do pursuant to 8 C.F.R. § 1003.1(d)(3)(ii)). Pursuant to its regulations, the BIA had the obligation to review the IJ's assessment de novo but it offers no reasoning to support its affirmance and does not respond to Hernandez's key arguments on appeal. I would therefore remand this matter to the BIA for further proceedings.

As the majority notes, the BIA opinion in this matter is "superficial and mechanical," "dispatched with a level of brevity that we do not condone," and "disappointingly conclusory." I recognize that we have said the BIA need not provide "an exegesis on every contention a movant advances." Gonzalez-Vega v. Lynch, 839 F.3d 738, 741 (8th Cir. 2016). But "an agency, in adjudicating the rights of individuals, must follow its own procedures and regulations" and, "in rendering an agency decision that is subject to judicial review, the BIA 'must describe its reasoning with such clarity as to be understandable.'" Garcia-Mata v. Sessions, 893 F.3d 1107, 1109 (8th Cir. 2018) (quoting Singh v. Gonzales, 495 F.3d 553, 557 (8th Cir. 2007)). The BIA did not meet that standard in this case, and I would remand the matter for the requisite analysis.

I respectfully dissent.

_____