# United States Court of Appeals
## For the Eighth Circuit
_____

No. 16-4433
_____

Jhonny Garcia-Moctezuma

*Petitioner*

v.

Jefferson B. Sessions, III, United States Attorney General

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: October 19, 2017
Filed: January 11, 2018
_____

Before WOLLMAN and SHEPHERD, Circuit Judges, and GOLDBERG,[1] Judge.
_____

GOLDBERG, Judge.

Petitioner Jhonny Garcia-Moctezuma seeks review of a final order of removal issued by the Board of Immigration Appeals ("BIA"). The BIA's order dismissed Garcia-Moctezuma's appeal from the decision of the Immigration Judge ("IJ") that found him removable and denied his applications for withholding of removal and for protection under the Convention Against Torture ("CAT").

_____

[1]The Honorable Richard W. Goldberg, Senior Judge, United States Court of International Trade, sitting by designation.

Garcia-Moctezuma alleges prior and future persecution and torture in Mexico on account of his faith in the deity Santa Muerte. The IJ concluded that Garcia-Moctezuma failed to establish a sufficient nexus between his faith and his mistreatment in Mexico and also that he failed to establish a likelihood of torture if removed to Mexico. After careful review of the decisions of the IJ and the BIA and consideration of the parties' briefs and oral argument, we deny Garcia-Moctezuma's petition for review.

## BACKGROUND

Garcia-Moctezuma is a native and citizen of Mexico who first entered the U.S. without authorization in 2001. On April 1, 2010, Garcia-Moctezuma was ordered removed from the U.S. Garcia-Moctezuma testified that, upon his return to Mexico in 2010, he began praying to Santa Muerte, a deity venerated primarily in Mexico. Some Mexican government officials and other observers have associated worship of Santa Muerte with criminal activity, specifically with membership in a drug cartel. Garcia-Moctezuma testified that by 2012 he was a devotee of Santa Muerte, prompting him to get two Santa Muerte-related tattoos on his body.

Again without authorization, Garcia-Moctezuma reentered the U.S. on November 20, 2014 and was detained by Immigration and Customs Enforcement on June 16, 2015. Upon finding that Garcia-Moctezuma had expressed a reasonable fear of persecution in Mexico, an asylum officer referred Garcia-Moctezuma's removal case to an IJ.

Having violated a prior removal order, Garcia-Moctezuma was not eligible to apply for asylum. 8 U.S.C. § 1231(a)(5). Therefore, in defense of removal, Garcia-Moctezuma applied for withholding of removal, *see* 8 U.S.C. § 1231(b)(3), and CAT protection, *see* 8 C.F.R. § 1208.16(c). Garcia-Moctezuma sought relief on the basis of two beatings he sustained at the hands of Mexican law enforcement in 2014. In March 2014, Mexican soldiers intercepted Garcia-Moctezuma on his way home,

accused him of working for a drug cartel, and beat him on the head, stomach, and back. Garcia-Moctezuma testified that the soldiers stated that his Santa Muerte tattoos showed that he was associated with drug cartels.

In August 2014, Garcia-Moctezuma was passing by a cemetery on his way to the store. Mexican federal police pulled Garcia-Moctezuma into the cemetery, where they had several other men in custody on suspicion of drug trafficking. Garcia-Moctezuma testified that the police told him that he was being detained because he had been identified as a drug dealer by one of the other men in custody. Garcia-Moctezuma denied any association with drug activity. Police then repeatedly struck Garcia-Moctezuma with a piece of wood, placed a bag over his head, and filled the bag with water, leading Garcia-Moctezuma to believe he would drown. Police later pulled on Garcia-Moctezuma's tongue with pliers, threatening to cut it off, before letting him go.

Garcia-Moctezuma testified that he suffered only bruises from these two encounters, but that he also began to have chronic lower back pain around the time of the March 2014 incident.

In a September 18, 2015 decision, the IJ denied Garcia-Moctezuma's applications for relief. The IJ found Garcia-Moctezuma's testimony credible, including his statement that the March 2014 beating was expressly motivated by his association with Santa Muerte. Nevertheless, the IJ ruled that withholding of removal was not appropriate because Garcia-Moctezuma had established neither prior persecution on account of a protected ground nor a clear probability of future persecution. According to the IJ, the March 2014 beating was too "minor" to be considered persecution and the August 2014 beating was insufficiently related to a protected ground, Garcia-Moctezuma's faith. The IJ also denied Garcia-Moctezuma's CAT claim, finding that he failed to establish that it is more likely than not he would face torture in Mexico. Garcia-Moctezuma timely appealed to the BIA.

On March 29, 2016, the BIA remanded, in part because the IJ had failed to make a finding as to whether the March and August beatings constituted "past persecution in the aggregate." On remand, the IJ determined that the harm suffered by Garcia-Moctezuma across the two beatings indeed rose to the level of persecution. However, the IJ ruled that Garcia-Moctezuma still failed to establish a sufficient nexus between his persecution and his faith. Accordingly, the IJ again denied Garcia-Moctezuma's applications for relief from removal. On November 21, 2016, the BIA affirmed the IJ's decision and dismissed Moctezuma's appeal. This petition for review followed.

## DISCUSSION

Garcia-Moctezuma's petition presents three issues for our consideration: A) if not waived by Garcia-Moctezuma, whether the IJ and BIA applied the correct standard for determining whether persecution is sufficiently motivated by a protected ground (the "nexus standard"); B) whether the IJ and BIA correctly determined that Garcia-Moctezuma's mistreatment in Mexico lacked a sufficient nexus to his faith; and C) whether the IJ and BIA correctly determined that Garcia-Moctezuma failed to establish the requisite likelihood of torture if he returns to Mexico. For the reasons discussed below, we hold that Garcia-Moctezuma waived any arguments related to the appropriate nexus standard. We also find that the IJ and BIA reasonably denied Garcia-Moctezuma's applications for relief from removal.

### A.

An alien's removal must be withheld "if the Attorney General decides that the alien's life or freedom would be threatened" in the country to which they will be returned "because of [one of the following protected grounds:] the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). To qualify for withholding of removal, "an alien [must] demonstrate[] that the alien's life or freedom would be threatened for *a reason*" related to one of the protected grounds. 8 U.S.C. § 1231(b)(3)(C) (emphasis added).

-4-

To qualify for asylum, an alien must show that a protected ground "was or will be at least *one central reason* for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i) (emphasis added). In its *Matter of C-T-L-* decision, the BIA thoroughly analyzed the text and history of the relevant statutory sections and concluded that, despite the disparate language in the two provisions, the "one central reason" nexus standard should be read to apply to both asylum and withholding of removal applicants. 25 I. & N. Dec. 341, 343–348 (BIA 2010).

The IJ applied the "one central reason" nexus standard to Garcia-Moctezuma's withholding of removal application, inquiring whether Garcia-Moctezuma's association with Santa Muerte was "one central reason" for his persecution. On appeal, Garcia-Moctezuma argues, for the first time, that the correct nexus inquiry for his application is simply whether his religion is *a reason* for his persecution.

Generally, this Court "will not consider an argument raised for the first time on appeal." *Hartman v. Workman*, 476 F.3d 633, 635 (8th Cir. 2007) (citation omitted). This principle applies to our review of agency decisions, as "there is a basic principle of administrative law that '[o]rdinarily an appellate court does not give consideration to issues not raised below.'" *Etchu–Njang v. Gonzales*, 403 F.3d 577, 583 (8th Cir. 2005) (quoting *Hormel v. Helvering*, 312 U.S. 552, 556, 61 S. Ct. 719, 85 L. Ed. 1037 (1941)).[2]

---

[2]Prior decisions of this Court are mixed as to whether the failure to raise an issue is also a jurisdictional matter or if it "simply raises the non-jurisdictional question whether review of that issue is precluded by the doctrine of administrative exhaustion." *See Mambwe v. Holder*, 572 F.3d 540, 550 (8th Cir. 2009) (quoting *Zine v. Mukasey*, 517 F.3d 535, 539–40 (8th Cir. 2008)). Because Garcia-Moctezuma's waiver disposes of the issue, we decline to address the jurisdictional question here.

Garcia-Moctezuma clearly neglected to raise the nexus standard issue below. The IJ applied the "one central reason" standard in each of its two decisions. Likewise, the BIA directly cited to *Matter of C-T-L-* not only in its final decision, but also in its earlier decision remanding to the IJ. Accordingly, Garcia-Moctezuma had ample opportunity to request that the IJ apply a different nexus standard or to request that the BIA revisit its decision in *Matter of C-T-L-*. Instead, Garcia-Moctezuma himself applied the "one central reason" standard—the standard he now argues is inapplicable—at all times before the IJ and the BIA.

Enforcing the doctrine of waiver is particularly appropriate here, where "the administrative proceedings before both the Immigration Court and the BIA were adversarial, and [Garcia-Moctezuma] was represented by counsel." *See Agha v. Holder*, 743 F.3d 609, 616 (8th Cir. 2014). While this Court "has the discretion to consider an issue for the first time on appeal . . . when the argument involves a purely legal issue," *Gap, Inc. v. GK Dev., Inc.*, 843 F.3d 744, 748–49 (8th Cir. 2016), we decline to exercise that discretion here. As an initial matter, Garcia-Moctezuma makes no attempt to explain or excuse his failure to raise the issue prior to this appeal. Moreover, the record supports a finding that Garcia-Moctezuma's withholding of removal application would have failed under either nexus standard. *See infra* note 6. Accordingly, it would be academic, and thus imprudent, to take up this legal issue in this particular case.[3]

## B.

We must next determine whether, as Garcia-Moctezuma insists, the IJ and BIA erred in finding that Garcia-Moctezuma's worship of Santa Muerte was not

---

[3]Garcia-Moctezuma urges this Court to adopt the position of a recent Ninth Circuit decision, which held that the BIA's statutory construction in *Matter of C-T-L-* was erroneous and that the appropriate nexus standard in withholding of removal cases is the less stringent "a reason" standard. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 359–60 (9th Cir. 2017). In light of Garcia-Moctezuma's repeated and unexcused waiver of this issue, we take no position on the relative merits of the respective interpretations in *Matter of C-T-L-* and *Barajas-Romero*.

"one central reason" for his mistreatment by Mexican police in August 2014.[4] Under the "one central reason" nexus standard, a protected ground need not be the sole reason for persecution, but the protected ground cannot be "incidental or tangential to the persecutor's motivation." *Matter of J-B-N- & S-M-*, 24 I. & N. Dec. 208, 213 (BIA 2007) (citation omitted).

In its June 2, 2016 decision, the IJ determined that Garcia-Moctezuma's August 2014 beating "was on account of a non-protected ground, namely being suspected of selling drugs." Consequently, the IJ and BIA denied Garcia-Moctezuma's application for withholding of removal. "[W]e review the BIA's decision to deny withholding of removal under the deferential substantial evidence standard." *Zine*, 517 F.3d at 541 (citation omitted).[5] Thus, we will reverse only if we determine that "a reasonable factfinder *would have to conclude*" that Garcia-Moctezuma's faith actually and sufficiently motivated his persecutors' actions. *See I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 481, 112 S. Ct. 812, 117 L. Ed. 38 (1992) (emphasis added).

The IJ credited Garcia-Moctezuma's testimony that, during the August 2014 beating, the Mexican federal police mentioned his tattoos as a reason to believe he was involved with drug cartels. Further, the IJ considered record evidence showing a stereotype that Santa Muerte followers are also drug cartel members. However, per Garcia-Moctezuma's own testimony, the police referenced the tattoos only after detaining Garcia-Moctezuma and made no mention of Santa Muerte. As a result,

---

[4]The IJ found that the March and August 2014 beatings constituted persecution in the aggregate. Additionally, the IJ determined that the March 2014 beating was inflicted on account of Garcia-Moctezuma's religious belief. However, because the March 2014 beating, alone, was too minor to constitute persecution, the IJ concluded that Garcia-Moctezuma must also show a nexus between his faith and the August 2014 beating. We agree.

[5]While this Court generally limits its review to the decision of the BIA, we may also review the decision of the IJ to the extent that the BIA adopts or defers to it. *See Alanwoko v. Mukasey*, 538 F.3d 908, 912 (8th Cir. 2008) (citation omitted).

the IJ ruled that, while Garcia-Moctezuma's "tattoos were a tangential and superficial reason for his detention and subsequent harm," he "has not shown that the persecutors were aware that he had religious tattoos or had detained or beaten him because of [the tattoos'] religious nature."[6]

The BIA, "[c]onsidering the evidence on the whole, [] discern[ed] no clear error" in the IJ's findings.  In turn, we find that substantial evidence supported the IJ's conclusion, adopted by the BIA, that Garcia-Moctezuma's worship of Santa Muerte was not "one central reason" for his persecution.

## C.

We also discern no error in the denial of Garcia-Moctezuma's application for CAT protection.  Under the CAT, an alien can avoid removal if the alien can show that "it is more likely than not that he or she would be tortured if removed."  8 C.F.R. § 1208.16(c)(2).  Unlike withholding of removal, protection under the CAT does not depend on a showing that the anticipated torture would be motivated by a protected ground.  *See* 8 C.F.R. § 1208.18(a)(1) (defining "torture").

The IJ found that the August 2014 beating constituted torture.  Nevertheless, the IJ ultimately determined that this past incident of torture did not indicate that Garcia-Moctezuma would more likely than not be tortured in the future.  To support this conclusion, the IJ reasoned that a single—and, according to Garcia-Moctezuma, false—accusation of selling drugs was unlikely to happen again.  The IJ also looked to other evidence in the record, noting that country condition reports reflect that the Santa Muerte faith is growing and that the Mexican government, "while stereotyping the followers of Santa Muerte, does not acquiesce in the torture of its Santa Muerte

---

[6]In other words, while the IJ determined that the *tattoos* were "a tangential and superficial reason" for the August 2014 beating, the IJ concluded that Garcia-Moctezuma's *faith* was not even *a* reason, let alone a *central* reason, for his mistreatment.  Therefore, Garcia-Moctezuma's application for withholding of removal likely would have failed under either nexus standard.

worshipping citizens." Similarly, statements by the Catholic Church that worship of Santa Muerte "is anathema to the Catholic religion" were insufficient to persuade the IJ that Garcia-Moctezuma would more than likely face torture upon return to Mexico.

For its part, in dismissing Garcia-Moctezuma's appeal, the BIA cited the Mexico 2013 International Religious Freedom Report finding that there are no reports of societal abuses or discrimination based on religious affiliation, beliefs or practice in Mexico. The BIA also noted Garcia-Moctezuma's testimony that "he has friends [in Mexico] who are devoted to Santa Muerte and they have not been harmed." In sum, substantial evidence supported the denial of Garcia-Moctezuma's application for CAT protection.

## CONCLUSION

For the foregoing reasons, we deny Garcia-Moctezuma' petition for review.

_____