# United States Court of Appeals
### For the Eighth Circuit
_____

No. 18-2638
_____

Elizabeth Rachael Bannister

*Petitioner*

v.

William P. Barr, Attorney General of the United States

*Respondent*
_____

No. 18-2715
_____

Miguel Angel Fasio

*Petitioner*

v.

William P. Barr, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: October 16, 2019
Filed:May 26, 2020
[Published]
_____

Before COLLOTON, BEAM, and KELLY, Circuit Judges.

_____

PER CURIAM.

In these consolidated cases, Petitioners Elizabeth Bannister and Miguel Fasio petition for review of decisions by the Board of Immigration Appeals (BIA) affirming their orders of removal. Because Petitioners' arguments are foreclosed by this court's precedent, we deny their petitions for review.

## I.

Petitioners are lawful permanent residents who were convicted of fifth-degree possession of a controlled substance in Minnesota state court. The charging documents in their criminal cases alleged they had possessed methamphetamine. Bannister pleaded guilty in two separate cases to violating Minn. Stat. § 152.025, subd. 2(a)(1) (2015). Fasio pleaded guilty to violating Minn. Stat. § 152.025, subd. 2(b)(1) (2015), which is similar to subdivision (a)(1), but provides heightened penalties for a "subsequent controlled substance conviction." See Minn. Stat. § 152.025, subd. 2(b)(1) (2015).

Following Petitioners' convictions, the Department of Homeland Security (DHS) initiated removal proceedings, charging them as removable under § 237(a)(2)(B)(i) of the Immigration and Nationality Act (INA). That section provides that a noncitizen is subject to removal if, "at any time after admission," he or she has been convicted of violating "any law or regulation of a State . . . relating

to a controlled substance (as defined in section 802 of Title 21) . . . ."  8 U.S.C. § 1227(a)(2)(B)(I).

The same Immigration Judge (IJ) presided over both Petitioners' removal proceedings.  The IJ determined that DHS had not met its burden to establish Petitioners' removability under INA § 237(a)(2)(B)(i) because Minnesota's fifth-degree possession statute is categorically overbroad and indivisible.  The BIA overturned the IJ's decisions.  It agreed that Minnesota's fifth-degree possession statute is overbroad because it criminalizes about 200 more substances than the federal Controlled Substances Act.  But the BIA decided the Minnesota statute is divisible because the identity of the specific controlled substance is an element of the offense.  The BIA next determined that, under the modified categorical approach, the conviction records in Petitioners' cases established that they had possessed methamphetamine, which is a federally controlled substance.  The BIA remanded to the IJ, who then found Petitioners removable as charged.  The BIA affirmed, and Petitioners timely sought review in this court.  They argue that a violation of Minnesota's fifth-degree possession statute is not a removable offense.

## II.

We have jurisdiction to review questions of law and constitutional claims presented by noncitizens ordered removed from this country. Cherichel v. Holder, 591 F.3d 1002, 1009 (8th Cir. 2010).  Whether a violation of a state statute qualifies as a removable offense under INA § 237(a)(2)(B)(i) is a question of law we review de novo. Rendon v. Barr, 952 F.3d 963, 967–68 (8th Cir. 2020).  We employ the categorical approach to determine whether a state conviction is a removable offense. Mellouli v. Lynch, 135 S. Ct. 1980, 1987 (2015).  Because Petitioners are lawful permanent residents, the government must show by clear and convincing evidence that they are subject to removal. See 8 U.S.C. § 1229a(c)(3)(A).

Petitioners argue the BIA wrongly decided they are removable for having violated Minnesota's fifth-degree possession statute. They contend the Minnesota statute is both categorically overbroad—because it criminalizes more substances than does the federal government—and indivisible—because the specific substance possessed is not an element of the Minnesota offense. However, this court recently decided that Minnesota's fifth-degree possession statute is divisible because the identity of the particular substance possessed is an element of the crime. See Rendon, 952 F.3d at 968.

Because the Minnesota fifth-degree possession statute is divisible, we apply the modified categorical approach to "determine, based on a limited class of judicial records," the crime of which Petitioners were convicted and whether their "offense of conviction fits within the removable offense." Id. at 969 (cleaned up). Bannister pleaded guilty in two separate state-court proceedings. Her plea petitions from both cases show she pleaded guilty to the charge in the complaint: fifth degree possession of a controlled substance, specifically methamphetamine. Likewise, Fasio's plea petition shows he pleaded guilty to the charge in the state-court complaint: fifth degree possession of a controlled substance, specifically methamphetamine.

The government argues that because methamphetamine is a controlled substance under federal law, Petitioners' convictions qualify as removable offenses. See 21 U.S.C. § 812(c), scheds. II(c), III(a)(3). Petitioners counter that even if methamphetamine is an element of their crimes of conviction, they are not removable because Minnesota's definition of "methamphetamine" is categorically broader than the federal definition of "methamphetamine."

Petitioners failed to raise this overbreadth argument before the IJ or the BIA. This court generally "will not consider an argument raised for the first time on appeal." Garcia-Moctezuma v. Sessions, 879 F.3d 863, 867 (8th Cir. 2018) (quoting Hartman v. Workman, 476 F.3d 633, 635 (8th Cir. 2007)). "This principle applies to

our review of agency decisions, as there is a basic principle of administrative law that ordinarily an appellate court does not give consideration to issues not raised below." Id. at 867–68 (cleaned up). It is "particularly appropriate" to enforce the waiver in these cases because "the administrative proceedings before both the Immigration Court and the BIA were adversarial," and both Petitioners were represented by counsel. See id. at 868 (cleaned up). Accordingly, we decline to consider the argument that Petitioners raise for the first time with this court.

Petitioners are removable because they pleaded guilty to possessing methamphetamine in violation of Minnesota's fifth-degree possession statute. See Rendon, 952 F.3d at 969. We therefore deny their petitions for review.

_____