# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2944
_____

Pedro Zetino-Mejia; Jacinto Zetino-Mejia

*Petitioner*s

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: July 8, 2021
Filed: July 15, 2021
[Unpublished]
_____

Before LOKEN, KELLY, and ERICKSON, Circuit Judges
_____

PER CURIAM.

Guatemalan citizens Pedro and Jacinto Zetino-Mejia petition for review of an order of the Board of Immigration Appeals (BIA), which dismissed their appeal from the decision of an immigration judge denying them asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

Upon careful consideration, we conclude that the Zetino-Mejias's challenge to the agency's jurisdiction over their removal proceedings is not properly before this court. See Ateka v. Ashcroft, 384 F.3d 954, 957 (8th Cir. 2004) (if petitioner fails to raise particular issue when he appeals to BIA, he has not exhausted administrative remedies). We also find no error in the agency's determination that the Zetino-Mejias were ineligible for asylum, because they did not establish past persecution or a well-founded fear of future persecution on account of a protected ground. See De Castro-Gutierrez v. Holder, 713 F.3d 375, 379 (8th Cir. 2013) (standard of review); Menjivar v. Gonzales, 416 F.3d 918, 920 (8th Cir. 2005), as corrected (Sept. 21, 2005) (asylum eligibility requirements); see also Garcia-Moctezuma v. Sessions, 879 F.3d 863, 869 (8th Cir. 2018) (this court will reverse only if it determines that a reasonable factfinder would have to conclude the petitioner's proposed protected ground "actually and sufficiently motivated his persecutors' actions"). Substantial evidence also supports the agency's conclusion that the Zetino-Mejias were not eligible for withholding of removal relief and CAT protection. See Martin Martin v. Barr, 916 F.3d 1141, 1145 (8th Cir. 2019) (under the CAT, noncitizen must show severe pain or suffering inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity); Guled v. Mukasey, 515 F.3d 872, 881-82 (8th Cir. 2008) (noncitizen who does not meet standard for asylum cannot meet more rigorous clear probability standard for withholding of removal, and separate analysis for CAT claim is required only when there is evidence the noncitizen may be tortured for reasons unrelated to claims for asylum and withholding or removal).

The petition for review is denied. See 8th Cir. R. 47B.

_____