# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-1749
_____

Marvin Suar-Chich

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: October 12, 2021
Filed: October 18, 2021
[Unpublished]
_____

Before BENTON, KELLY, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Guatemalan native and citizen Marvin Suar-Chich petitions for review of an order of the Board of Immigration Appeals (BIA). The BIA dismissed his appeal from an immigration judge's decision denying asylum, withholding of removal, and protection under the Convention Against Torture (CAT). After careful consideration, we deny the petition for review.

As an initial matter, we conclude this court's precedent forecloses Suar-Chich's challenge to the agency's jurisdiction over his removal proceedings. See Ali v. Barr, 924 F.3d 983, 985-86 (8th Cir. 2019); see also Tino v. Garland, No. 20-3508, --- F.4th ---, 2021 WL 4256185, at *1 n.2 (8th Cir. Sept. 20, 2021) (per curiam).

Even assuming Suar-Chich did not waive review of his claims by failing to meaningfully challenge the BIA's decision, see Chay-Velasquez v. Ashcroft, 367 F.3d 751, 756 (8th Cir. 2004), we also conclude the agency properly denied asylum. See 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1) (asylum eligibility requirements). Suar-Chich did not claim he had been persecuted in the past, see Uli v. Mukasey, 533 F.3d 950, 955 (8th Cir. 2008), and assuming his proposed particular social group was cognizable, as the BIA did, substantial evidence supports the conclusion that he failed to show his membership in that group "will be at least one central reason" for his feared persecution, see § 1158(b)(1)(B)(i); Silvestre-Giron v. Barr, 949 F.3d 1114, 1119 & n.3 (8th Cir. 2020) (standard of review). The agency concluded his group membership would be incidental to the gangs' criminal motive for monetary gain, and the record does not compel a contrary conclusion. See Garcia-Moctezuma v. Sessions, 879 F.3d 863, 868-69 (8th Cir. 2018) (explaining that under the "one central reason" standard, a protected ground need not be the sole reason for persecution, but it cannot be "incidental or tangential" to the persecutor's motive); Cambara-Cambara v. Lynch, 837 F.3d 822, 826 (8th Cir. 2016). The record also does not compel the conclusion that Suar-Chich would be persecuted on account of an imputed anti-gang political opinion. See Gomez-Rivera v. Sessions, 897 F.3d 995, 999 (8th Cir. 2018); Marroquin-Ochoma v. Holder, 574 F.3d 574, 578-79 (8th Cir. 2009).

Because Suar-Chich failed to prove eligibility for asylum, it follows that he failed to meet the higher burden of proof for withholding of removal. See Sow v. Mukasey, 546 F.3d 953, 957 (8th Cir. 2008). Finally, we conclude the agency properly denied CAT relief. See id.; see also Cambara-Cambara, 837 F.3d at 827.

For these reasons, we deny the petition for review.  <u>See</u> 8th Cir. R. 47B.

_____