# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-1607
_____

Flor Carrera-Alarcon; K.P.C.

*Petitioner*s

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: October 25, 2021
Filed: November 4, 2021
[Unpublished]
_____

Before BENTON, KELLY, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Mexican citizens Flor Carrera-Alarcon and K.P.C. (collectively, petitioners), petition for review of an order of the Board of Immigration Appeals, which dismissed their appeal from the decision of an immigration judge denying them asylum, withholding of removal, and protection under the Convention Against

Torture (CAT).[1]  Having jurisdiction under 8 U.S.C. § 1252, this court denies the petition.

Petitioners' challenge to the agency's jurisdiction over their removal proceedings is foreclosed by this court's precedent.  *See Ali v. Barr*, 924 F.3d 983, 985-86 (8th Cir. 2019); *Tino v. Garland*, 13 F.4th 708, 709 (8th Cir. 2021) (per curiam).  The record does not suggest that a reasonable factfinder would have to conclude that petitioners' proposed protected grounds actually motivated their persecutors' actions.  *See Garcia-Moctezuma v. Sessions*, 879 F.3d 863, 869 (8th Cir. 2018).  Substantial evidence supports the agency's denial of withholding of removal and CAT relief.  *See Martin Martin v. Barr*, 916 F.3d 1141, 1145 (8th Cir. 2019) (noncitizen who cannot establish eligibility for asylum necessarily cannot meet more rigorous standard of proof for withholding of removal; under the CAT, noncitizen must show severe pain or suffering inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity).

The petition is denied.  *See* 8th Cir. R. 47B.

_____

[1]K.P.C.'s asylum application is derivative of her mother's.  *See* 8 U.S.C. § 1158(b)(3)(A) (child also may be granted asylum if accompanying principal alien was granted asylum); *cf. Fuentes v. Barr*, 969 F.3d 865, 868 n.1 (8th Cir. 2020) (recognizing that there are no derivative benefits associated with withholding of removal or CAT protection).