# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-1737
_____

Mario Morales-Riquiac

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: April 6, 2022
Filed: April 19, 2022
[Unpublished]
_____

Before GRUENDER, ERICKSON, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Mario Morales-Riquiac, a native and citizen of Guatemala, petitions for review
of an order of the Board of Immigration Appeals (BIA). The BIA dismissed his

appeal from an immigration judge's decision denying him, as relevant, asylum and withholding of removal.[1]

Having reviewed the record and the parties' arguments, we conclude the agency properly denied Morales-Riquiac's asylum application. *See* 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1) (asylum eligibility requirements). Even assuming Morales-Riquiac's proposed particular social group (PSG) of "K'iche indigenous groups who oppose gang recruitment" was cognizable, substantial evidence supports the conclusion that he failed to establish a nexus between his proposed PSG and any persecution he claimed to have suffered or feared. *See id.* § 1158(b)(1)(B)(i) (asylum applicant must establish the claimed protected ground "was or will be at least one central reason for persecut[ion]"); *Silvestre-Giron v. Barr*, 949 F.3d 1114, 1119 & n.3 (8th Cir. 2020) (reviewing whether a noncitizen established the requisite nexus based on a factual determination supported by substantial evidence). A reasonable factfinder could conclude Morales-Riquiac's aggressors were not and would not be motivated by his membership in his proposed PSG, given he repeatedly testified the aggressors targeted him to demand money, and he specifically conceded such aggressors indiscriminately targeted people without regard to their K'iche identity. *See Garcia-Moctezuma v. Sessions*, 879 F.3d 863, 868 (8th Cir. 2018) ("Under the 'one central reason' nexus standard, a protected ground need not be the sole reason for persecution, but the protected ground cannot be 'incidental or tangential to the persecutor's motivation.'") (citation omitted); *see also Tino v. Garland*, 13 F.4th 708, 710 (8th Cir. 2021).

---

[1]Morales-Riquiac does not challenge the agency's denial of his application for protection under the Convention Against Torture and has therefore waived review of the claim. *See Chay-Velasquez v. Ashcroft*, 367 F.3d 751, 756 (8th Cir. 2004).

Morales-Riquiac's failure to demonstrate the requisite nexus was dispositive of his asylum claim. *See Silvestre-Giron*, 949 F.3d at 1117-19; *Baltti v. Sessions*, 878 F.3d 240, 245 (8th Cir. 2017). Because Morales-Riquiac failed to establish eligibility for asylum, the agency properly concluded he necessarily could not meet the higher burden of proof required for withholding of removal. *See Baltti*, 878 F.3d at 246.

Accordingly, we deny the petition for review. *See* 8th Cir. R. 47B.

_____