# United States Court of Appeals
### For the Eighth Circuit
_____

No. 20-3445
_____

Ever Rene Munoz-Perez

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: June 23, 2022
Filed: July 7, 2022
[Unpublished]
_____

Before GRUENDER, BENTON, and STRAS, Circuit Judges.
_____

PER CURIAM.

Guatemalan citizen Ever Rene Munoz-Perez petitions for review of an order of the Board of Immigration Appeals, which dismissed his appeal from the decision

of an immigration judge denying him asylum and withholding of removal relief.[1] Having jurisdiction under 8 U.S.C. § 1252, this court denies the petition.

This court is precluded from reviewing a challenge to the denial of Munoz-Perez's asylum claim because he does not raise any constitutional challenges or questions of law regarding the agency's determination that his application was untimely and that he failed to show he should be excused from the deadline due to extraordinary or changed circumstances. *See* 8 U.S.C.§ 1158(a)(2)(B), (a)(2)(D), (a)(3) (1-year deadline for filing asylum application applies in absence of enumerated exceptions); *Bartolo-Diego v. Gonzales*, 490 F.3d 1024, 1027 (8th Cir. 2007) (where petitioner did not raise any constitutional challenges or questions of law regarding determination that asylum application was untimely and that he failed to show he should be excused from deadline, concluding this court lacked jurisdiction to review asylum claim); *see also Chay-Velasquez*, 367 F.3d at 756.

Substantial evidence supports the conclusion—dispositive of withholding of removal claims—that Munoz-Perez failed to demonstrate the requisite nexus between his fear of persecution and membership in his proposed particular social group. *See Tino v. Garland*, 13 F.4th 708, 710 (8th Cir. 2021) (where substantial evidence supported determination that noncitizen failed to demonstrate nexus between persecution and proposed particular social group, failure was dispositive of claim); *Silvestre-Giron v. Barr*, 949 F.3d 1114, 1119 & n.3 (8th Cir. 2020) (nexus is a factual determination reviewed for substantial evidence); *Garcia-Moctezuma v. Sessions*, 879 F.3d 863, 867-869 & n.3 (8th Cir. 2018) (this court will reverse only if it determines that a reasonable factfinder would have to conclude that petitioner's

---

[1]Munoz-Perez does not challenge the denial of relief under the Convention Against Torture, or the denial of his motions for a venue change and termination of removal proceedings; accordingly, any challenges have been waived. *See Chay-Velasquez v. Ashcroft*, 367 F.3d 751, 756 (8th Cir. 2004) (claim not raised or meaningfully argued in opening brief is deemed waived).

proposed protected ground "actually and sufficiently motivated his persecutors' actions").

The petition for review is denied.  *See* 8th Cir. R. 47B.

_____