# United States Court of Appeals

### For the Eighth Circuit

_____

No. 22-2517

_____

Domingo de Jesus Larios Perez

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: December 14, 2022
Filed: December 19, 2022
[Unpublished]

_____

Before GRASZ, MELLOY, and KOBES, Circuit Judges.

_____

PER CURIAM.

Guatemalan citizen Domingo de Jesus Larios Perez petitions for review of an order of the Board of Immigration Appeals, which dismissed his appeal from the decision of an immigration judge denying him asylum.[1]

After careful consideration, we conclude that substantial evidence supports the agency's determination that Larios Perez was not entitled to asylum, because he did not establish past persecution or a well-founded fear of future persecution on account of a protected ground. See 8 U.S.C. § 1158(b)(1) (asylum eligibility requirements); Malonga v. Mukasey, 546 F.3d 546, 550 (8th Cir. 2008) (standard of review); see also Cano v. Barr, 956 F.3d 1034, 1039 (8th Cir. 2020) (persecution involves infliction or credible threat of death, torture, or injury; it is an extreme concept that excludes low-level intimidation and harassment) (citations and quotations omitted); Garcia-Moctezuma v. Sessions, 879 F.3d 863, 869 (8th Cir. 2018) (this court will reverse only if it determines that a reasonable factfinder "would have to conclude" that the petitioner's proposed protected ground "actually and sufficiently motivated his persecutors' actions"; motive for persecution cannot be merely tangential and superficial reason for harm); Woldemichael v. Ashcroft, 448 F.3d 1000, 1003-04 (8th Cir. 2006) (applicant who establishes past persecution is entitled to a presumption of a well-founded fear of future persecution; applicant who fails to establish past persecution must demonstrate an objectively reasonable fear of particularized persecution or that there is a pattern or practice of persecution of similarly-situated people); cf. Al Yatim v. Mukasey, 531 F.3d 584, 588-89 (8th Cir. 2008) (difficulties from generalized violence or crime typically do not qualify as persecution).

---

[1]Larios Perez does not challenge the denial of withholding of removal and relief under the Convention Against Torture, or the agency's determination that he failed to show he was entitled to asylum based on his Catholic religion. Accordingly, any challenges have been waived. See Chay-Velasquez v. Ashcroft, 367 F.3d 751, 756 (8th Cir. 2004) (where claim is not raised or meaningfully argued in opening brief, it is deemed waived).

Accordingly, the petition is denied.  <u>See</u> 8th Cir. R. 47B.

_____