# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2395
_____

Juana Claudia Gonzalez-Raymundo

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: February 14, 2023
Filed: February 17, 2023
[Unpublished]
_____

Before LOKEN, KELLY, and KOBES, Circuit Judges.
_____

PER CURIAM.

Guatemalan citizen Juana Claudia Gonzalez-Raymundo petitions for review
of an order of the Board of Immigration Appeals, which dismissed her appeal from

the decision of an immigration judge denying her asylum and withholding of removal.[1]

Upon careful consideration, we conclude substantial evidence supports the agency's determination that Gonzalez-Raymundo was not eligible for asylum because she did not establish she had a well-founded fear of future persecution on account of a protected ground. See Menjivar v. Gonzales, 416 F.3d 918, 920 (8th Cir. 2005), as corrected (Sept. 21, 2005) (asylum eligibility requirements); Malonga v. Mukasey, 546 F.3d 546, 550 (8th Cir. 2008) (standard of review); see also Garcia-Moctezuma v. Sessions, 879 F.3d 863, 869 (8th Cir. 2018) (this court will reverse only if it determines that a reasonable factfinder would have to conclude that the petitioner's proposed protected ground "actually and sufficiently motivated his persecutors actions"); Alyas v. Gonzales, 419 F.3d 756, 761 (8th Cir. 2005) (reasonableness of a fear of future persecution is diminished when family members remain in the native country unharmed). The court also concludes that substantial evidence supports the agency's denial of withholding-of-removal relief. See Guled v. Mukasey, 515 F.3d 872, 881-82 (8th Cir. 2008).

The petition is denied. See 8th Cir. R. 47B.

_____

---

[1]Gonzalez-Raymundo does not challenge the denial of relief under the Convention Against Torture, or the agency's determination that she failed to establish past persecution on account of a protected ground. Accordingly, any challenges have been waived. See Chay-Velasquez v. Ashcroft, 367 F.3d 751, 756 (8th Cir. 2004) (where claim is not raised or meaningfully argued in opening brief, it is deemed waived).