# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1720

_____

Juana Anastacia Castro-Cuin; D.L.C.C.F.D.; D.L.C.C.C.; D.L.C.C.E.T.

*Petitioner*s

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: October 31, 2023
Filed: November 3, 2023
[Unpublished]

_____

Before ERICKSON, GRASZ, and KOBES, Circuit Judges.

_____

PER CURIAM.

Guatemalan citizen Juana Castro-Cuin, individually and on behalf of her three minor children, petitions for review of an order of the Board of Immigration Appeals

("BIA").[1] The BIA rejected Castro-Cuin's request to terminate the proceedings based on *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), and dismissed her appeal from an immigration judge's ("IJ") decision denying her asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

As a preliminary matter, this court's precedent forecloses Castro-Cuin's argument, based on *Pereira*, that the immigration court lacked jurisdiction over the removal proceedings because the Notices to Appear were deficient. *See Ali v. Barr*, 924 F.3d 983, 986 (8th Cir. 2019); *see also Tino v. Garland*, 13 F.4th 708, 709 n.2 (8th Cir. 2021).

Having reviewed the record and the parties' arguments on appeal, we conclude the agency properly denied Castro-Cuin's asylum application. *See* 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1) (refugee asylum eligibility requirements). Even assuming her proposed particular social group ("PSG") was cognizable, substantial evidence supports the conclusion she failed to establish a nexus between her proposed PSG and any persecution she claimed to have suffered or feared. *See Silvestre-Giron v. Barr,* 949 F.3d 1114, 1119 & n.3 (8th Cir. 2020) (reviewing for substantial evidence the nexus factual determination); *Garcia-Moctezuma v. Sessions*, 879 F.3d 863, 869 (8th Cir. 2018) (reversing only upon determination "a reasonable factfinder *would have to conclude*" the petitioner's proposed protected ground "actually and sufficiently motivated his persecutors' actions").

A reasonable factfinder could also conclude Castro-Cuin failed to establish past persecution or a well-founded fear of future persecution. *See Galloso v. Barr*, 954 F.3d 1189, 1191-93 (8th Cir. 2020), *as amended* (Apr. 15, 2020) (noting persecution

---

[1]We refer to Castro-Cuin because her children's applications are derivative of their mother's application. *See* 8 U.S.C. § 1158(b)(3)(A), (B). There are no derivative benefits for withholding of removal or relief under the Convention Against Torture. *See Fuentes v. Barr*, 969 F.3d 865, 868 n.1 (8th Cir. 2020).

is defined as a harm inflicted by the government or by persons or an organization the government was unable or unwilling to control); *Cano v. Barr*, 956 F.3d 1034, 1039-40 (8th Cir. 2020) (noting persecution "is an extreme concept" excluding low-level intimidation and harassment, and an applicant may not merely rely on reasons unsuccessfully used for past persecution claim to establish a well-founded fear of future persecution).  To the extent Castro-Cuin relies on her daughter's testimony in this appeal, or intended to argue the agency erred in discounting her daughter's testimony in its persecution analysis, she has waived the ability to do so by failing to contest the IJ's adverse credibility finding in the counseled brief she filed with the BIA.  *See Brizuela v. Garland*, 71 F.4th 1087, 1092 & n.4 (8th Cir. 2023).

Because Castro-Cuin failed to establish eligibility for asylum, the BIA properly concluded she necessarily could not meet the higher burden of proof required for withholding of removal.  *See Guled v. Mukasey*, 515 F.3d 872, 881 (8th Cir. 2008).  We also conclude substantial evidence supports the agency's denial of CAT relief. *See Martin Martin v. Barr*, 916 F.3d 1141, 1144-45 (8th Cir. 2019).

Accordingly, the petition for review is denied.  *See* 8th Cir. R. 47B.

_____