# United States Court of Appeals
## For the Eighth Circuit
_____

No. 23-2639
_____

Camilo Andres Ramirez-Contreras

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: March 15, 2024
Filed: July 9, 2024
[Unpublished]
_____

Before COLLOTON, Chief Judge, ERICKSON and KOBES, Circuit Judges.
_____

PER CURIAM.

Camilo Andres Ramirez-Contreras is a lawful permanent resident who was convicted of fifth-degree possession of a controlled substance under Minnesota law, Minn. Stat. § 152.025, subd. 2(1). The Department of Homeland Security charged him as removable because, as relevant here, he had been convicted of violating "any law or regulation of a State . . . relating to a controlled substance (as defined in

section 802 of title 21)." 8 U.S.C. § 1227(a)(2)(B)(i). The Board of Immigration Appeals agreed. Ramirez petitions for review, arguing that his conviction under Minnesota's fifth-degree possession statute is not a controlled substance offense under § 1227(a)(2)(B)(i).

We review *de novo* whether a state drug conviction triggers removal under § 1227(a)(2)(B)(i). Bannister v. Barr, 960 F.3d 492, 494 (8th Cir. 2020) (per curiam). To determine whether it does, we generally apply the categorical approach. See Martinez v. Sessions, 893 F.3d 1067, 1069 (8th Cir. 2018). That approach asks us to decide whether the elements of the state offense fit within the removable offense. Id. at 1069–70. Things get trickier if the state statute is divisible. If it is, meaning that it "includes multiple, alternative elements that create several different crimes," we apply the modified categorical approach instead. Rendon v. Barr, 952 F.3d 963, 968 (8th Cir. 2020). Under that approach, we "determine, based on a limited class of judicial records," the crime of conviction and whether the elements of that offense fit within the removable offense. Id. (citation omitted).

Minnesota's fifth-degree possession statute is divisible because the identity of the substance possessed is an element of the offense. Id. Applying the modified categorical approach, we peek at Ramirez's guilty plea petition and see that he pleaded guilty to felony fifth-degree possession of a trace amount of heroin.

Fifth-degree possession of heroin under Minnesota law fits within any state law "relating to a controlled substance (as defined in section 802 of title 21)," § 1227(a)(2)(B)(i). Under § 802(6), a "controlled substance" is a "drug or other substance, or immediate precursor, included in schedule I, II, III, IV, or V." Heroin is a schedule I controlled substance, § 812(c), sched. I(b)(10), so Ramirez's conviction for possessing it is a removable offense. See Rendon, 952 F.3d at 969 (conviction for "fifth degree possession of a controlled substance, specifically methamphetamine," under Minn. Stat. § 152.025 is a removable offense because "[m]ethamphetamine is a federally controlled substance").

Ramirez resists, misguidedly arguing that Minnesota's fifth-degree possession statute is broader than § 1227(a)(2)(B)(i) because the small quantity of heroin he possessed is not punishable as a felony under federal law. But § 1227(a)(2)(B)(i) says nothing about the quantity of controlled substances possessed[1] or whether the state offense is a felony or misdemeanor. See Briscoe v. Att'y Gen., 751 F. App'x 329, 331 (3d Cir. 2018) (per curiam) (rejecting petitioner's argument that he is not removable because the two grams of marijuana he possessed with intent to distribute is not punishable under the Controlled Substances Act, given that "whether such an offense is punishable under the CSA is not relevant" to § 1227(a)(2)(B)(i)); cf. Moncrieffe v. Holder, 569 U.S. 184, 204 (2013) ("Any marijuana distribution offense, even a misdemeanor, will still render a noncitizen deportable as a controlled substances offender." (citing § 1227(a)(2)(B)(i))). Section 1227(a)(2)(B)(i) simply looks to whether the state offense relates to a controlled substance under § 802, and here it does.

We deny the petition for review.

_____

---

[1]To be sure, § 1227(a)(2)(B)(i) has a carve out for possession of small, personal use quantities of marijuana. But that carve out does not extend to other controlled substances. Id.